## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH RICHARDSON,

    Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of
Social Security,

    Defendant.

Case No.  23-cv-1682-RMM

## MEMORANDUM OPINION

Keith Richardson brought this case seeking judicial review of a decision of the Commissioner to deny his Supplemental Security Income benefits.  *See* Compl., ECF No. 1.  He moved for entry of a judgment vacating the Commissioner's decision and remanding the matter for further administrative proceedings, on the theory that the Commissioner's decision lacks a substantial evidentiary basis and is erroneous as a matter of law.  *See* Mot. for J. of Reversal, ECF No. 10.  Rather than respond to Mr. Richardson's motion, the Commissioner, together with Mr. Richardson, filed a Joint Motion to Remand the case to the Social Security Administration, requesting that the Court remand Mr. Richardson's claim so that the "Commissioner [will] remand the claim to an administrative law judge to offer the claimant the opportunity for a new hearing, take any further action needed to complete the administrative record, and issue a new decision."  Jt. Mot. for Remand, ECF No. 14 at *1.

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g).  A sentence-four remand is appropriate only in conjunction with a final

judgment on the Commissioner's decision to deny benefits. *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991). For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand." *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).

The Commissioner has conceded that his decision was incorrect in this matter. Under this Court's local rules, when an argument is advanced in support of a motion and the opposing party fails to counter the argument in a timely opposition brief, the court may treat the argument as conceded, even if the result is dismissal of the entire case. *See* Local Rule 7(b); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (collecting cases); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same). The Commissioner's response to Mr. Richardson's Motion for Judgment of Reversal was due on February 9, 2024. *See* Jan. 29, 2024 Min. Order. The Commissioner did not file an opposition or seek an extension of time to do so. He has thus conceded the arguments in Mr. Richardson's motion and brief in support, and the Court accordingly **GRANTS** Mr. Richardson's Motion for Judgment of Reversal. Consistent with sentence four of Section 405(g) and the parties' joint motion for remand, the Court also **GRANTS** the parties' Joint Motion for Remand and **REMANDS** this matter for further administrative proceedings.

**SO ORDERED** this July 19, 2024.

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

2